MARY E. LESSLEY,     )
             )
  Petitioner/Appellee,   )    Appeal No.
             )    01-A-01-9710-CV-00617
v.            )
             )    Robertson Circuit
CHARLES SHOPE, JR.,    )    No. DR-7862
             )
  Respondent/Appellant.   )

FILED

**July 17, 1998**

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE


APPEAL FROM THE CIRCUIT COURT FOR ROBERTSON COUNTY

AT SPRINGFIELD, TENNESSEE


THE HONORABLE CAROL CATALANO, JUDGE

JOHN KNOX WALKUP
Attorney General & Reporter

SUE A. SHELDON
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 5th Avenue, North
Nashville, Tennessee  37243
  ATTORNEYS FOR PETITIONER/APPELLEE


COLLIER W. GOODLETT
Assistant Public Defender
19th Judicial District
109 S. Second Street
Clarksville, Tennessee  37040
  ATTORNEY FOR RESPONDENT/APPELLANT

REVERSED AND REMANDED


WILLIAM B. CAIN, JUDGE

# <u>OPINION</u>

This case involves an appeal from an order of the Circuit Court of Robertson County, Tennessee, imposing a fifty dollar ($50.00) fine upon the appellant together with a ten (10) day jail sentence for contempt of court in failing to pay child support.

At the behest of the District Attorney's Office on July 3, 1997, Judge Carol Catalano issued an order of attachment for the body of the appellant, Charles Shope, Jr., reciting as follows:

> You are hereby commanded to arrest the above named Respondent and have him appear on August 20, 1997 at 1:30 P.M. before the CIRCUIT Court for ROBERTSON County, Tennessee to answer a charge that you are in contempt of court for failing to comply with the orders of the Court to-wit: the payment of child support and/or failure to appear for Court. At the above hearing, if you are found to be in contempt of court, the District Attorney's Office will request incarceration.

The attachment was issued pursuant to Tennessee Code Annotated section 36-5-405(d) and bond was set in the amount of ". . . $2,500.00 cash".

Appellant was arrested on said attachment on July 14, 1997, with hearing set for 1:30 p.m., August 20, 1997.

On July 23, 1997, appellant filed a pro se petition for a writ of habeas corpus in the Circuit Court for Robertson County, Tennessee, asserting a right to immediate release from confinement.

On July 25, 1997 appellant filed an affidavit of indigency before Honorable John H. Gasaway, Jr. Judge Gasaway entered an order that same day finding appellant indigent, appointing counsel and providing as follows:

IN THIS CAUSE, it appearing to the court that the Defendant is before the Court on a charge of Contempt for failure to pay child support and

It further appearing to the Court that the defendant is indigent and unable to employ counsel and is thereby qualified for appointed legal counsel,

It is therefore ordered by the Court that the Public Defender, a member of the Robertson County Bar Association is hereby appointed to represent the siad (sic) defendant.

This order further provided in a hand written addendum from Judge Gasaway bearing the same date:

The court further orders that the current cash bond of $2,500 be converted to a recognizance bond of $2,500. Further, the current hearing date of August 20, 1997 at 1:30 p.m. shall remain as set. A copy of this order shall be delivered to the public defender and to the respondent, receipt to be acknowledged by the respondent. Writ of habeas corpus denied.

On August 16, 1997, still acting pro se, the appellant filed an extensive motion to dismiss on various constitutional and statutory grounds.

The petition for contempt was heard on September 17, 1997 and an "appearance mittimus" was issued by Judge Catalano on September 17, 1997 with a hand written notation "ten days to serve w/ credit for time served."

On September 18, 1997, the appellant, again acting pro se, filed a notice of appeal from the judgment of September 17. On that same date he likewise filed a notice that no transcript or stenographic record of the proceeding of September 17, 1997 would be filed on the appeal.

On September 25, 1997 Judge Catalano entered an order approved for entry by John H. Lynch, child support attorney for the District Attorney's Office, which provided as follows:

This cause came on to be heard on the 17th day os (sic) September, 1997, before the HONORABLE CAROL CATALANO, Judge of the DOMESTIC RELATIONS COURT, upon an Attachment, the Respondent appearing in person. It appearing that $1,104.76 has been paid in this

matter since the Respondent was ordered to pay $50.00 (plus 5% clerks fee), per week beginning August 20, 1991. The arrearage now owing in this matter is $18,149.99 including a previous judgment awarded on 6-05-96. The last payment made was on 3-25-92.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the Court that the Respondent is found in contempt and is sentenced to spend 10 days in the Robertson County Jail. Siad (sic) sentence is to be suspended to 10 days already served. The Petitioner is awarded a judgment for $18,149.99 (plus 5% clerks fee), the amount of back support owing in this matter.

The Respondent shall pay $50.00 per week (plus 5% clerks fee), and $25.00 per week (plus 5% clerks fee) on the arrearage owing in this matter beginning 9-26-97. Respondent is to pay a $50.00 fine plus any Court costs in this matter by 10-17-97.

Appellant had filed his pro se notice of appeal to the Court of Criminal Appeals. On October 28, 1997 that court acknowledged that it was without jurisdiction to consider the appeal under Tennessee Code Annotated § 16-5-108 and transferred the case to this court pursuant to Tenn. R. App. P. 17.

On December 3, 1997, this court ordered that the trial judge certify the following question for review, "whether the appellant was represented by counsel or whether he executed a written waiver of his right to the aid of counsel after being advised in open court of said right."

On December 10, 1997 Judge Catalano responded to this court's order by certifying, "that the record is silent as to whether the appellant was represented by counsel and that there is no written waiver of the appellant's right to the aid of counsel."

On December 11, 1997, an order was entered in this court extending the time for the filing of the appellant's brief through January 12, 1998. On January 22, 1998, public defender Michael R. Jones was granted thirty (30) days within which to file a brief on behalf of the appellant. On January 23, 1998, Sue A. Sheldon on behalf of the Attorney General of Tennessee filed a notice of appearance before this court. On April 22, 1998, Honorable Collier W. Goodlett,

Assistant Public Defender, filed a brief in this case on behalf of the appellant and therein waived oral argument. On May 22, 1998, Honorable Sue A. Sheldon on behalf of the Attorney General of Tennessee filed a brief of the appellee also waiving oral argument.

Such is the state of the record before this court.

Appellant asserts in part the following:

ASSIGNMENT OF ERROR NUMBER ONE: THAT THE CHANCERY COURT, AFTER HAVING APPOINTED COUNSEL TO REPRESENT THE RESPONDENT, ERRED IN PROCEEDING WITHOUT COUNSEL PRESENT FOR THE RESPONDENT.

ASSIGNMENT OF ERROR NUMBER TWO: THAT THE CHANCERY COURT AFTER HAVING APPOINTED COUNSEL TO REPRESENT THE RESPONDENT ERRED IN SENTENCING THE RESPONDENT TO INCARCERATION WHEN COUNSEL FAILED TO APPEAR TO REPRESENT THE RESPONDENT AND THE RESPONDENT HAVING NOT WAIVED HIS RIGHT TO COUNSEL.

Counsel thereupon briefs extensively and convincingly these issues acknowledging his debt to academic sources. Says counsel:

We have all drunk from wells we did not dig. Anon. Counsel has drunk deeply and shamelessly from the following wells: 30 Wm. & Mary L. Rev. 627, Spring, 1989, THE RIGHT TO APPOINTED COUNSEL FOR INDIGENT CIVIL LITIGANTS: THE DEMANDS OF DUE PROCESS, William L. Dick, Jr.; 50 U. Chi. L. Rev. 326, Winter, 1983, THE INDIGENT DEFENDANT'S RIGHT TO COURT-APPOINTED COUNSEL IN CIVIL CONTEMPT PROCEEDINGS FOR NONPAYMENT OF CHILD SUPPORT, Robert Monk; 9 St. Thomas L. Rev. 767, Spring 1997, INDIGENT CONTEMNORS BEWARE: IN FLORIDA, YOU MAY BE INCARCERATED WITHOUT BEING APPOINTED COUNSEL!, Neal G. Bourda; 14 N.M. L. Rev. 275, Spring, 1984, FATHERS BEHIND BARS: THE RIGHT TO COUNSEL IN CIVIL CONTEMPT PROCEEDINGS, Michele Hermann and Shannon Donahue.

In brief before this court the state concedes and this court agrees that

the contempt charged in this case was criminal contempt and that the trial court having appointed counsel for the defendant could not then proceed to try the merits of the criminal contempt petition in the absence of appointed counsel and without a waiver by the appellant of his right to counsel. Rule 13 Tenn. Sup. Ct. Rules; *Storey v. Storey*, 835 S.W.2d 593 (Tenn. App. 1992).

Appellant asserts three other issues on appeal; in view of our reversal on other grounds we find consideration of these issues to be unnecessary.

This court does not attempt in this case to determine the parameters within which indigent defendants are entitled to appointed counsel in civil or criminal contempt cases based upon failure to pay child support. We only determine that in this case, where the trial court has found indigency and appointed counsel, that it is improper to proceed with the merits of criminal contempt in the absence of that appointed counsel, without first securing a knowing waiver from the appellant of his right to be so represented.

The judgment of the trial court finding the appellant in criminal contempt and sentencing him to incarceration for a fixed period of time is reversed, and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion. Costs of this appeal are assessed against the appellee.


_____

WILLIAM B. CAIN, JUDGE


CONCUR:


_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE